UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

LYNN MABEE and KEVIN DORRIS,

  Plaintiff,

vs.            CASE NO.:

JRA & ASSOCIATES, LLC d/b/a
ADKINS JANITORIAL SERVICE, a
Tennessee For Profit Limited Liability
Company, and JAMES ADKINS JR.,
Individually,

  Defendants.    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiffs, LYNN MABEE and KEVIN DORRIS, by and through the undersigned attorney, sues the Defendants, JRA & ASSOCOIATES, LLC d/b/a ADKINS JANITORIAL SERVICE ("Adkins Janitorial Service"), a Tennessee Limited Liability Company, and JAMES ADKINS JR., Individually, and alleges:

  1.  Plaintiffs, LYNN MABEE and KEVIN DORRIS, were employees of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

  2.  Plaintiffs, LYNN MABEE and KEVIN DORRIS were employees who worked at Defendants' property within the last three years in Maury County, Florida.

  3.  Plaintiffs, LYNN MABEE and KEVIN DORRIS, worked for Defendants as an hourly paid employee at an hourly rate of $12.00 per hour.

  4.  Plaintiffs, LYNN MABEE and KEVIN DORRIS, worked as janitor/floor

1

technicians for Defendants.

5. At all times material to this cause of action, Plaintiffs, LYNN MABEE and KEVIN DORRIS, were non-exempt employees and therefore entitled to overtime wages for any and all overtime hours worked.

6. Defendant, ADKINS JANITORIAL SERVICE, is a Tennessee Limited Liability Company that operates and conducts business at 1000 Rolling Fields Circle, Columbia, TN 38401 and is therefore, within the jurisdiction of this Court.

7. Defendant, ADKINS JANITORIAL SERVICE, operates as a janitorial and cleaning company servicing hospitals, private schools, among other customers.

8. At all times relevant to this action, JAMES ADKINS JR. was an individual resident of the State of Florida, who owned and operated ADKINS JANITORIAL SERVICE, and who regularly exercised the authority to: (a) hire and fire employees of ADKINS JANITORIAL SERVICE; (b) determine the work schedules for the employees of ADKINS JANITORIAL SERVICE, and (c) control the finances and operations of ADKINS JANITORIAL SERVICE. By virtue of having regularly exercised that authority on behalf of ADKINS JANITORIAL SERVICE, JAMES ADKINS JR. is/was an employer as defined by 29 U.S.C. § 201, et seq.

9. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1331 and the FLSA.

11. During Plaintiffs' employment with Defendants, Defendant, ADKINS JANITORIAL SERVICE, earned more than $500,000.00 per year in gross sales.

12. Defendant, ADKINS JANITORIAL SERVICE, employed approximately thirty (30)

2

employees and paid these employees plus earned a profit from their business.

13. During Plaintiffs' employment, Defendant, ADKINS JANITORIAL SERVICE, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, slow scrubbers, buffers, waxing chemicals, Super Blue cleaning products, cleaning chemicals, and other tools/materials used to run the business.

14. Therefore, at all material times relevant to this action, Defendant, ADKINS JANITORIAL SERVICE, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15. Additionally, Plaintiffs, LYNN MABEE and KEVIN DORRIS, were individually covered under the FLSA.

### FLSA Violations

16. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiffs performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiffs for all overtime hours worked.

17. During their employment with Defendants, Plaintiffs were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

18. Specifically, Defendants had a method and practice of compensating Plaintiffs their regular rate for all hours worked without regards to overtime hours.

19. As an example, for the pay period August 13th, 2017 through August 19th, 2017, LYNN MABEE worked sixty-two (62) hours but was compensated at $12.00/hour for all sixty-two (62) hours. Plaintiff received $744.00 pre-tax.

20. Plaintiffs are entitled to the half-time premium ($6.00/Overtime hour) for all hours

3

worked in excess of forty (40) per week.

21. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

22. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

23. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-22 above as though stated fully herein.

24. Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

25. During their employment with Defendants, Plaintiffs worked overtime hours but were not paid time and one-half compensation for same.

26. Plaintiffs were paid their regular rate ($12.00/Hour) for all hours worked regardless of how many overtime hours were worked in the workweek.

27. Defendants have failed provide accurate overtime compensation for numerous pay periods.

28. Defendants did not have a good faith basis for their decision not to pay Plaintiffs full overtime compensation.

29. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

4

30. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

31. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, LYNN MABEE and KEVIN DORRIS, demand judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this ____1____ day of February, 2019.

/s/ Matthew R. Gunter

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff